1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANTONIO LOPEZ,** ) | **1: 09-CV-1838 AWI JLT** |
| ) | |
| **Plaintiff,** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER GRANTING** |
| **v.** ) | **DEFENDANTS' MOTION TO** |
| ) | **DISMISS** |
| **WASHINGTON MUTUAL BANK, F.A.** ) | |
| **et. al.,** ) | **(Document #10)** |
| **Defendants.** ) | |

**BACKGROUND**

On September 18, 2009, Plaintiffs filed an action in the Superior Court of California for the County of Kern.   The first cause of action alleges a violation of California Civil Code § 1632.   The second cause of action alleges a violation of California Business and Professions Code § 17200 based on Defendants' fraudulent business practices.   The third cause of action alleges a violation of California Business and Professions Code § 17200 based on violations of 15 U.S.C. § 1601.   The fourth cause of action alleges a violation of California Business and Professions Code § 17200 based on violations of California Financial Code § 22302.   The fifth cause of action alleges fraudulent omission.   The sixth cause of action requests injunctive relief. The seventh cause of action alleges breach of the covenant of good faith and failure dealing.   The eighth cause of action alleges unjust enrichment.   The ninth cause of action alleges failure to provide accounting.   The tenth cause of action alleges negligence.   The eleventh cause of action alleges breach of fiduciary duty.   On October 20, 2009, Defendants removed the complaint to

1  this court.

2      On October 27, 2009, Defendants filed a motion to dismiss.   Defendants contends that

3  none of the causes of action in the complaint can be asserted against Defendants, and as such, the

4  complaint must be dismissed.

5      Plaintiff did not file an opposition to Defendants' motion.

6      On January 25, 2010, Defendants filed a reply brief.

7  **LEGAL STANDARD**

8      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a claim may be dismissed

9  because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ.

10  P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal

11  theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v.

12  Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729,

13  732 (9th Cir. 2001).

14      In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations

15  of fact are taken as true, and the facts are construed in the light most favorable to the non-moving

16  party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller,

17  120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general allegations

18  embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev.

19  Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as true

20  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

21  inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v.

22  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although legal conclusions may

23  provide the framework of a complaint, they are not accepted as true and "[t]hreadbare recitals of

24  elements of a cause of action, supported by mere conclusory statements, do not suffice."

25  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide,

26  Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

27

28                                          2

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

//

3

1

**JUDICIAL NOTICE**

2      In deciding whether to dismiss a claim under Rule 12(b)(6), the court is generally limited

3  to reviewing only the complaint, but the court may review materials which are properly

4  submitted as part of the complaint and the court may take judicial notice of public records

5  outside the pleadings.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001);

6  Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman,

7  803 F.2d 500, 504 (9th Cir. 1986).  Further, under the "incorporation by reference" doctrine,

8  courts may review documents "whose contents are alleged in a complaint and whose authenticity

9  no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v.

10  ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000).

11  The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim

12  depends on the contents of a document, the defendant attaches the document to its motion to

13  dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff

14  does not explicitly allege the contents of that document in the complaint."  Knievel, 393 F.3d at

15  1076 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

16      Defendants request that the court take judicial notice of the deed of trust and other

17  recorded documents concerning the property at issue in this action and the property's title.  "In

18  deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond

19  plaintiff's complaint to matters of public record."  Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th

20  Cir. 1995).  Thus, the court will take judicial notice of the documents provided by Defendants.

21

**FACTS**

22  **A.  Complaint's Alleged Facts**

23      The complaint alleges that Defendants sell, procure, and facilitate a variety of home

24  loans.   The complaint alleges that the adjustable rate mortgage ("ARM") is the type of loan that

25  is the subject of the complaint.

26      The complaint alleges that Defendants failed to disclose pertinent information in a clear

27

28                                                      4

and conspicuous manner to Plaintiff, in writing, as required by law when he obtained a loan. The complaint alleges that Defendants failed to inform Plaintiff that he could not actually qualify for the loan.

The complaint alleges that Defendants engaged in unlawful, fraudulent, and unfair business acts and practices and failed to provide Plaintiff pertinent information required by law.

**B.  Facts of Which the Court Takes Judicial Notice**

Plaintiff and his spouse, Claudia Villanueva, recorded a Deed of Trust with the Kern County Recorder's Office on the real property that is the subject of this dispute on or about September 28, 2006, as instrument number 0206240380.   The real property is located at 11217 Baron Avenue, Bakersfield, CA 93312 ("Subject Property").

Plaintiff and Ms. Villanueva obtained a loan in the sum of $279,200.00 ("Loan") in connection with the Subject Property. The Loan was secured by a Deed of Trust ("DOT") encumbering the Subject Property that was recorded on or about September 28, 2006, with the Kern County Recorder's Office as instrument number 0206240318.   The DOT identifies Plaintiff and Ms. Villanueva as the trustors, Jackie Miller as the trustee, Suntrust Mortgage ("Suntrust") as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

On April 3, 2009, an Assignment of the Deed of Trust ("Assignment") was recorded with the Kern County Recorder's Office as instrument number 0209047511. The Assignment assigns and transfers to Deutsche Bank National Trust CO as trustee for Long Beach Mortgage Loan Trust 2006-11 all beneficial interest under the DOT.

On April 3, 2009, a Substitution of Trustee ("Substitution") was recorded with the Kern County Recorder's Office as instrument number 0209047512. The Substitution substituted California Reconveyance Company as trustee under the Deed of Trust.

On April 3, 2009, a Notice of Default and Election to Sell Under the DOT ("NOD") was recorded with the Kern County Recorder's Office as instrument number 0209047513.  The NOD states that as of April 2, 2009, the amount in arrears was $9,365.48.

JPMorgan acquired certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, including Washington Mutual's interest in the Loan pursuant to a Purchase and Assumption Agreement ("Agreement") between the FDIC and JPMorgan dated September 25, 2008.

## DISCUSSION

### A.  Violation of California Civil Code § 1632

The first cause of action alleges that at the time the DOT and Promissory Note were signed, Plaintiff was not conversationally fluent in English and could not read or understand English.   Plaintiff contends that the failure to provide him with the DOT, Promissory Note, and related documents in the Spanish language violated California Civil Code § 1632.

California Civil Code § 1632 provides, in relevant part:

(b) Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement:
(1) A contract or agreement subject to the provisions of Title 2 (commencing with Section 1801) of, and Chapter 2b (commencing with Section 2981) and Chapter 2d (commencing with Section 2985.7) of Title 14 of, Part 4 of Division 3.
(2) A loan or extension of credit secured other than by real property, or unsecured, for use primarily for personal, family or household purposes.
(3) A lease, sublease, rental contract or agreement, or other term of tenancy contract or agreement, for a period of longer than one month, covering a dwelling, an apartment, or mobilehome, or other dwelling unit normally occupied as a residence.
(4) Notwithstanding paragraph (2), a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with Section 18000), or Division 9 (commencing with Section 22000) of the Financial Code.

Cal. Civ.Code § 1632(b). The statute was enacted "to increase consumer information and protections for the state's sizeable and growing Spanish-speaking population."  Cal. Civ.Code § 1632(a)(1).

6

Generally, Section 1632 does not require delivery of Spanish language documents where a loan is secured by real property.   However, Section 1632(b)(4) contains an exception, which requires a Spanish translation if the "loan or extension of credit is for use primarily for personal, family, or household purposes where the loan or extension of credit is subject to the provisions of Article 7 . . ." Cal. Civ.Code § 1632(b)(4).   Article 7, in turn, applies to certain loans secured by real property, which are negotiated by a real estate broker. See Cal. Bus. & Prof.Code § 10240. To take advantage of Section 1621(b)(4)'s exception, a plaintiff must allege that a defendant either acted as the real estate broker or had a principal-agent relationship with the broker who negotiated the loan.   Patacsil v. Wilshire Credit Corp., 2010 WL 500466, *8 (E.D.Cal. 2010); Castaneda v. Saxon Mortg. Services, Inc., – F.Supp.2d. – , 2009 WL 4640673 at *7 (E.D.Cal. 2009); Ortiz v. Accredited Home Lenders, Inc., 639 F.Supp.2d 1159, 1166 (S.D.Cal.  2009); Delino v. Platinum Cmty. Bank, 628 F.Supp.2d 1226, 1234 (S.D.Cal. 2009); Alvara v. Aurora Loan Serv., Inc., 2009 WL 1689640, 3* (N.D.Cal. 2009).  "More clearly, California law requiring translation of a contract or agreement for a loan or extension of credit for use primarily for personal, family or household purposes only applies to real estate brokers, rather than to lenders and subsequent services." Patacsil, 2010 WL 500466 at *8.

Plaintiff does not allege that Defendants negotiated the loan or were real estate brokers. These parties therefore cannot be liable for disclosure violations at the time of loan origination. Thus, the complaint does not allege sufficient facts showing that the loan at issue falls within the exception stated in Section 1632(b)(4).   Accordingly, the first cause of action based on Section 1632 must be dismissed.

**B.  Section 17200 Causes of Action**

The complaint alleges several violations of California Business and Professions Code § 17200.   Section 17200 provides: "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200.  "'Because . . . section 17200 is written in the

disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent.'. . . 'A practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' or vice versa.'" Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)).

A business act or practice is "unfair" when the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 187 (1999). To sufficiently plead an action based on an "unfair" business act or practice, a plaintiff must allege facts showing the "unfair" nature of the conduct and that the harm caused by the conduct outweighs any benefits that the conduct may have. Motors, Inc. v. Times Mirror Co., 102 Cal.App.3d 735, 740 (1980).

A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Hall v. Time, Inc., 158 Cal.App.4th 847, 849 (2008). In order to state a cause of action based on a "fraudulent" business act or practice, the plaintiff must allege that consumers are likely to be deceived by the defendant's conduct. Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d 197, 212 (1983).

To constitute an "unlawful" business act, Section 17200 "borrows" violations of other laws and treats them as unlawful business practices independently actionable under Section 17200. Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 383 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim ." Plascencia v. Lending 1st Mortg., 583 F.Supp.2d 1090, 1098 (N.D.Cal. 2008) (citing Saunders v. Superior Court, 27 Cal.App.4th 832, 838-39 (1994)).

***1. Unfair and Fraudulent Business Practices - Failure to Research Plaintiff's Ability to Re-***

8

### *Pay the Loan*

The complaint contends that Defendants extended to Plaintiff the Loan on stated gross monthly income and did not conduct an adequate due diligence inquiry to determine if Plaintiff could pay the Loan back.   The complaint alleges Defendants approved the Loan when they knew Plaintiff could not qualify for the Loan based upon his credit rating, income, and his asset to debt ratio.   The complaint states these actions violate Section 17200.

Plaintiff's basic contention is that Defendants should have done more research into Plaintiff's financial condition before making the Loan.  "However, no such duty exists for a lender to determine the borrower's ability to repay the loan. The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."  Camillo v. Washington Mut. Bank, F.A., 2009 WL 3614793, *6 (E.D.Cal. 2009); Phillips v. MERS Mortgage Electronic Registration Systems, 2009 WL 3233865, *4 (E.D.Cal. 2009);  Renteria v. United States, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006)).  "[A] lender owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  Phillips, 2009 WL 3233865, *4; Wagner v. Benson, 101 Cal.App.3d 27, 34 (1980); see also Nymark v. Heart Fed. Sav. & Loan Assn, 231 Cal.App.3d 1089, 1096 (1991).  Without factual allegations that show Defendants stand in the place of Plaintiff's agents, there is no violation alleged and dismissal is appropriate.

### *2.  TILA*

The complaint alleges that Defendants failed to comply with the disclosure requirements mandated by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*   The complaint contends that the failure to comply with TILA constitutes an unlawful business practice within the meaning of Section 17200.

There is a one-year statute of limitations period in which to file an action for damages under TILA.  See 15 U.S.C. § 1640(e); Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998).

The one-year limitations period of 15 U.S.C. § 1640(e) runs from the date of consummation of the transaction.  "Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).  Plaintiff did not file any claim based on the TILA within one-year of the loan's closing.   Thus, no TILA claim is available.  See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412.

Because Plaintiff's TILA claim is barred, Plaintiff cannot base his Section 17200 claim on a violation of TILA.   "There are limits on the causes of action that can be maintained under section 17200. A court may not allow a plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'"  Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000) (quoting  Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 182 (1999)); see also Morris v. Bank of America, 2010 WL 761318, *7 (N.D.Cal. 2010); Gonzalez v. First Franklin Loan Services, 2010 WL 144862, *15 (E.D.Cal. 2010); Garcia v. Wachovia Mortg. Corp., – F.Supp.2d – , 2009 WL 3837621, *11 (C.D.Cal. 2009).   Because any claim based on the TILA is barred by the statute of limitations, Plaintiff's Section 17200 claim based on the TILA is subject to dismissal.

### 3.  California Financial Code § 22302

The complaint alleges that any consumer loan found to be unconscionable violates Financial Code § 22302, and the Loan is unconscionable because of the relative bargaining positions of the parties.   The complaint contends that the violation of Section 22302 constitutes an unlawful business practice within the meaning of Section 17200.

California Financial Code § 22302 incorporates California Civil Code § 1670.5's prohibition on unconscionability into loan agreements.   Civil Code Section 1670.5(a) allows the court to refuse to enforce all or part of a contract if the court finds as a matter of law that the contract or any clause of the contract was unconscionable at the time it was made.   Cal. Civ. Code § 1670.5(a).   The term "unconscionable" is not defined by statute but has been defined by

1   the California courts.  Trend Homes, Inc. v. Superior Court, 131 Cal.App.4th 950, 956 (2005).

2   "[U]nconscionability has both a 'procedural' and a 'substantive' element."  Armendariz v.

3   Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 114 (2000).  The procedural element

4   of unconscionability focuses on oppression and surprise.  Discover Bank v. Superior Court, 36

5   Cal.4th 148, 160 (2005).  "Oppression' arises from an inequality of bargaining power which

6   results in no real negotiation and 'an absence of meaningful choice."  Bruni v. Didion, 160

7   Cal.App.4th 1272, 1289 (2008); Aron v. U-Haul Co. of California, 143 Cal.App.4th 796, 808

8   (2006).  "Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain

9   are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms."

10  Bruni, 160 Cal.App.4th at 1289; Aron, 143 Cal.App.4th at 808 (2006).  Id.  "The substantive

11  element of unconscionability focuses on the actual terms of the agreement and evaluates whether

12  they create 'overly harsh' or 'one-sided' results as to 'shock the conscience.'"  Bruni, 160

13  Cal.App.4th at 1289; Aron, 143 Cal.App.4th at 808.  "Both elements must be present, but the

14  more substantively oppressive the contract term, the less evidence of procedural

15  unconscionability is required to come to the conclusion that the term is unenforceable, and vice

16  versa."  Trend Homes, 131 Cal.App.4th at 956 (internal quotes and cites omitted); Woodside

17  Homes of California, Inc. v. Superior Court, 107 Cal.App.4th 723, 736 (2003).

18      The complaint alleges that the relative bargaining positions between the parties were

19  unequal, Plaintiff could not negotiate or change any of the Loan documents' terms, and the Loan

20  documents were so one-sided that they could only lead to one result – a significant loss of money

21  to Plaintiff.  Plaintiff is describing a contract of adhesion.  "The term [contract of adhesion]

22  signifies a standardized contract, which, imposed and drafted by the party of superior bargaining

23  strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject

24  it."  Armendariz,  24 Cal.4th at 113.  "[A] contract of adhesion is fully enforceable according to

25  its terms unless certain other factors are present which, under established legal rules legislative or

26  judicial operate to render it otherwise."  Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 819-20

27

28                                          11

1   (1981) (internal cites omitted); <u>DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.</u>, 176

2   Cal.App.4th 697, 716 (2009).

3            Plaintiff's claim of unconscionability fails.   The complaint does not allege that the actual

4   obligations imposed on Plaintiff by the contract were unclear from the Loan documents' terms.

5   In addition, defaulting on a loan or the inability to make payments on a loan after approximately

6   three years time does not "shock the conscience".   Finally, the conclusory allegation that the

7   contract was designed to cost Plaintiff a "significant loss of money" also does not show

8   unconscionability.  <u>See</u> <u>Camillo v. Washington Mut. Bank, F.A.</u>, 2009 WL 3614793, *7

9   (E.D.Cal. 2009).  No factual allegations plausibly suggest an unconscionable agreement.  <u>See</u>

10  <u>Iqbal</u>, 129 S.Ct. at 1949.   Thus, dismissal is appropriate.

**C.  Fraudulent Omission**

12           The complaint alleges that Defendants failed to inform Plaintiff that based solely on his

13  stated income, credit rating, and ratio of assets and liabilities, Plaintiff would not qualify for the

14  Loan and Defendants only qualified Plaintiff based on the initial payment amount without

15  including future increased payments.   It appears that Plaintiff is alleging this failure to disclose

16  information constituted fraud under California law.

17           To state a claim for fraudulent deceit a plaintiff must plead:  (a) misrepresentation (false

18  representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent

19  to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.   <u>In re</u>

20  <u>Napster, Inc. Copyright Litig.</u>, 479 F.3d 1078, 1096 (9th Cir. 2007); <u>Small v. Fritz Cos., Inc.</u>, 30

21  Cal.4th 167, 173 (2003).   Deceit is defined as the "suppression of a fact, by one who is bound to

22  disclose it, or who gives information of other facts which are likely to mislead for want of

23  communication of that fact." Cal. Civ. Code § 1710.

24           Federal Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the

25  circumstances constituting the alleged fraud must be "specific enough to give defendants notice

26  of the particular misconduct . . . so that they can defend against the charge and not just deny that

27

28                                                              12

1    they have done anything wrong." Fed. R. Civ. Pro. 9(b); <u>Vess v. Ciba-Geigy Corp. USA</u>, 317

2    F.3d 1097, 1106 (9th Cir. 2003).  Although the substantive elements of fraud may be set by a state

3    law, those elements must be pled in accordance with the requirements of Rule 9(b).  <u>See Vess</u>,

4    317 F.3d at 1103.  Allegations of fraud should specifically include "an account of the time, place,

5    and specific content of the false representations as well as the identities of the parties to the

6    misrepresentations."  <u>Swartz v. KPMG LLP</u>,  476 F.3d 756, 764 (9th Cir. 2007).  "The plaintiff

7    must set forth what is false or misleading about a statement, and why it is false."  <u>Vess</u>, 317 F.3d

8    at 1106.  Stated differently, the complaint must identify "the who, what, when, where, and how"

9    of the fraud.  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).

10           The complaint's allegations do not satisfy the heightened pleading requirement for fraud

11    required by Rule 9(b).  The complaint does not identify the time, place, and manner of the

12    alleged omissions.  The complaint also fails to name any of Defendants' employees who

13    allegedly failed to inform Plaintiff he would be unable to qualify for the Loan if future increased

14    payments were considered.  The complaint also fails to allege how Defendants are responsible

15    for any such fraud as they were not parties to the original loan.  Finally, Plaintiff has offered no

16    information on how these Defendants owed Plaintiff a duty to explain the difference between

17    qualifying for the Loan based on the initial payment as opposed to future potential payments.

18    Thus, Plaintiff's fraud claim is subject to dismissal.

19    **D.  Injunctive Relief**

20           The complaint's sixth cause of action alleges a claim for injunctive relief.  Under Federal

21    law, an injunction is a remedy to another claim or cause of action and not a claim or cause of

22    action in and of itself.  <u>Lima v. American Home Mortg. Servicing, Inc.</u>, 2010 WL 144810 at *2

23    (N.D.Cal. 2010); <u>see also</u> <u>Washington Toxics Coalition v. Environmental Protection Agency</u>,

24    413 F.3d 1024, 1034 (9th Cir. 2005) (holding injunction is remedy for violation of the

25    Endangered Species Act); <u>Catholic Social Services, Inc. v. I.N.S.</u>, 182 F.3d 1053, 1062 (9th Cir.

26    1999) (stating injunction is remedy for claims against INS).  Similarly, under California law, a

27

28                                                      13

1  claim or cause of action for an injunction is improper because an injunction is a remedy, not a

2  cause of action.  Shamsian v. Atlantic Richfield Co., 107 Cal.App.4th 967, 985 (2003);  Roberts

3  v. Los Angeles County Bar Ass'n, 105 Cal.App.4th 604, 618 (2003).  Because an injunction is

4  merely a remedy and is not a cause of action, a cause of action must exist before injunctive relief

5  may be granted.  Tapia v. Aurora Loan Services, LLC,  2009 WL 2705853 at *3 (E.D.Cal. 2009).

6  Thus, Plaintiff's of action for injunctive relief must be dismissed.

7  **E.  Covenant of Good Faith and Fair Dealing**

8          The seventh cause of action alleges that Defendants breached the implied covenant of

9  good faith and fair dealing.  The complaint alleges that Defendants breached the implied

10  covenant of good faith and fair dealing when they "used their superior knowledge in the real

11  estate, lending and finance industries to intentionally hide the fact that Plaintiff would not and

12  could not qualify for the ARM loan for which Plaintiff applied, and the LOAN would in fact cost

13  Plaintiff significantly more than what was stated by" Defendants.

14          There is an implied covenant of good faith and fair dealing in every contract that neither

15  party will do anything that will injure the right of the other to receive the benefits of the

16  agreement.  Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 400 (2000);

17  Rest.2d Contracts, § 205.  However, the duty of good faith and fair dealing is "a supplement to

18  an existing contract, and thus it does not require parties to negotiate in good faith prior to any

19  agreement."  McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799 (2008).   Thus, to the

20  extent the complaint's allegations stem from the formation and negotiation of the Loan,

21  Plaintiff's claim for a breach of the covenant must be dismissed.

22          Moreover, no implied covenant tort is available to Plaintiff.  "Generally, no cause of

23  action for the tortuous breach of the implied covenant of good faith and fair dealing can arise

24  unless the parties are in a 'special relationship' with 'fiduciary characteristics.'"  Pension Trust

25  Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002); Saldate v. Wilshire Credit Corp.,

26  2010 WL 582069, *18 (E.D. Cal. 2010).  The "implied covenant tort is not available to parties in

27

28                                      14

an ordinary commercial transaction where the parties deal at arms' length." <u>Pension Trust Fund</u>, 307 F.3d at 955.  California courts do not invoke a special relationship between a lender and borrower.  <u>Oaks Management Corp. v. Superior Court</u>,145 Cal.App.4th 453, 466 (2006); <u>Kim v. Sumitomo Bank</u>, 17 Cal.App.4th 974, 979 (1993).   A loan transaction is an arms' length transaction, and there is no fiduciary relationship between the borrower and lender absent special circumstances with "fiduciary characteristics".  <u>Oaks Management Corp.</u>,145 Cal.App.4th at 466; <u>Union Bank v. Superior Court</u>, 31 Cal.App.4th 573, 579 n. 2 (1995); <u>Kim</u>, 17 Cal.App.4th at 979; <u>Mitsui Mfrs. Bank v. Superior Court</u>, 212 Cal.App.3d 726, 730 (1989).  The complaint does not allege facts establishing a "special relationship" between Plaintiff and Defendants that could justify extending tort liability.   Thus, Plaintiff's claim for a breach of the covenant of good faith and fair dealing must be dismissed.

**F.  Unjust Enrichment**

The complaint alleges that "Defendants unjustly received and retained benefits and payments at the expense of plaintiff and persons similarly situated, who is therefore entitled to restitution."   The complaint contends the complaint's allegations state a cause of action for unjust enrichment.

The elements of an unjust enrichment claim are receipt of a benefit and unjust retention of the benefit at the expense of another.   <u>Peterson v. Cellco Partnership</u>,164 Cal.App.4th 1583, 1593 (2008); <u>Lectrodryer v. SeoulBank</u>, 77 Cal.App.4th 723, 726 (2000).   However, "the mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor."   <u>Peterson</u>,164 Cal.App.4th at 1593.   Unjust enrichment is typically sought in connection with a "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract.   <u>McBride v. Boughton</u>, 123 Cal.App.4th 379, 388 (2004).

The complaint's unjust enrichment claim fails because the complaint fails to state any facts in support of the contention that Defendants received and retained benefits and payments to

15

which they were not entitled.    In addition, under California law, an action in quasi-contract does not lie "when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996); Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal.App.4th 1410, 1419-20 (1996).    The complaint alleges Plaintiff and Defendants entered into the Loan, and no allegations in the complaint support a claim that no contract exists between the parties.    The complaint does not allege sufficient facts to maintain a plausible claim for unjust enrichment.

In addition, most California courts agree that there is no cause of action in California for unjust enrichment.    Walker v. Equity 1 Lenders Group, 2009 WL 1364430, *9 (S.D. Cal. 2009); Jogani v.Supior Court, 165 Cal.App.4th 901, 911 (2008);    Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779, 794 (2003).   "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."   Lauriedale Associates, Ltd. v. Wilson, 7 Cal.App.4th 1439, 1448 (1992).   "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself."   Melchior, 106 Cal.App.4th at 784.    Thus, the unjust enrichment claim is subject to dismissal.

**G. Accounting**

The complaint seeks from Defendants "a detailed accounting calculation and summary of the payoff balance they are demanding, including the unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees, costs or expenses comprising the payoff sum."

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."   Teselle v. McLoughlin, 173 Cal.App.4th 156, 179 (2009).   An accounting will not be awarded if a sum certain is alleged in the complaint. Lawrence v. Aurora Loan Services LLC, 2010 WL 364276, *10 (E.D.Cal. 2010); Civic Western

16

1  Corp. v. Zila Industries, Inc., 66 Cal.App.3d 1, 14 (1977); St. James Church v. Superior Court,

2  135 Cal.App.2d 352, 359 (1955).  A suit for an accounting will also not lie where it appears from

3  the complaint that no accounting is necessary or that there is an adequate remedy at law.

4  Lawrence, 2010 WL 364276 at *10; Civic Western, 66 Cal.App.3d at 14.

5      The complaint does not allege a balance due to Plaintiff.    Instead, Plaintiff seeks an

6  accounting to determine how much money he owes.   Plaintiff has not cited any authority to

7  support the right to seek an accounting under these circumstances.   The failure to plead "some

8  balance is due" to Plaintiff is fatal to Plaintiff's accounting cause of action.  See Fimbres v.

9  Chapel Mortg. Corp., 2009 WL 4163332, *8 (S.D. Cal. 2009); Reynoso v. Paul Financial, LLC,

10  2009 WL 3833298, *5 (N.D.Cal. 2009).   Accordingly, the claim for an accounting must be

11  dismissed.

12  **H. Negligence**

13      The tenth cause of action alleges that Defendants were negligent because the finance

14  charge on the Loan was not properly disclosed.   Defendants contend that Plaintiff's negligence

15  claim fails because they owed no duty to Plaintiff.

16      "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

17  conform to a certain standard of conduct for the protection of others against unreasonable risks

18  (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection

19  between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

20  (damages).'" Corales v. Bennett,  567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax,

21  158 Cal.App.4th 983, 994, (2008) (internal quotations omitted)).   In general, a financial

22  institution owes no duty of care to a borrower when the institution's involvement in the loan

23  transaction does not exceed the scope of its conventional role as a mere lender of money. Nymark

24  v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991); Bojorquez v. Gutierrez,

25  2010 WL 1223144, *7 (N.D. Cal. 2010); Gonzalez v. First Franklin Loan Services, 2010 WL

26  144862, *8 (E.D.Cal. 2010); Yoo v. JPMorgan Chase Bank, 2009 WL 4823376, *4 (C.D.Cal.

27

28                                                17

2009); <u>Fimbres v. Chapel Mortg. Corp.</u>, 2009 WL 4163332, *4 (S.D.Cal. 2009).   Parties to a contractual relationship, such as a mortgagor and mortgagee, cannot bring a tort claim for negligence unless a legal duty independent of the contract itself has been violated.   <u>Bojorquez</u>, 2010 WL 1223144, at *7; <u>Gaitan v. Mortgage Electronic Registration Systems</u>, 2009 WL 3244729, *8 (C.D.Cal. 2009).

The complaint fails to allege a special lending relationship or an actionable breach of duty to substantiate a negligence claim.   The complaint depicts an arms' length loan transaction. Plaintiff does not allege any facts to support a finding that a fiduciary relationship existed.   The complaint only alleges a borrower-lender relationship.   Thus, the negligence claim must be dismissed.

**I.  Breach of Fiduciary Duty**

The eleventh cause of action alleges that Defendants breached their fiduciary duty to Plaintiff.   The complaint alleges that Defendants were engaged in a fiduciary relationship to Plaintiff and breached the fiduciary duties they owed Plaintiff.

Plaintiff's cause of action for breach of fiduciary duty fails because he cannot plausibly plead the existence of any fiduciary duty between himself and Defendants. A loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender.   <u>Oaks Management Corp.</u>,145 Cal.App.4th at 466; <u>Union Bank</u>, 31 Cal.App.4th at 579 n. 2; <u>Kim</u>, 17 Cal.App.4th at 979.   Neither does a trustee under a Deed of Trust owe fiduciary duties to the borrower.   <u>Justo v. Indymac Bancorp</u>, 2010 WL 623715, *6 (C.D.Cal. 2010); <u>Abdallah v. United Savings Bank</u>, 43 Cal.App.4th 1101, 1109 (1996); Miller and Starr CALIFORNIA REAL ESTATE § 10:4 (2010).   Thus, the breach of fiduciary duty claim is subject to dismissal.

//

//

**ORDER**

18

Accordingly, for the reasons stated in the above memorandum opinion, the court ORDERS that:

    1.       Defendants motion to dismiss is GRANTED;

    2.       The complaint is DISMISSED with leave to amend;

    3.       Any amended complaint SHALL be filed by May 7, 2010; and

    4.       Failure to file an amended complaint that is consistent with this court's memorandum opinion will result in this action's dismissal.

IT IS SO ORDERED.

**Dated:**   **April 16, 2010**                **/s/ Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE